## Maple Oil Company v. Mann.

(Decided January 9, 1925.)

### Appeal from Fayette Circuit Court.

Principal and Agent—Defendant's Brother Held Not Shown to be Defendant's Authorized Agent in Sale of Oil Lease—Conveyance Not Ratification of Another's Contract.—Evidence that defendant's brother sold interest in oil leases to plaintiff, and thereafter purchased defendant's interest and had conveyance made to plaintiff pursuant to his agreement, did not show that the brother was acting as defendant's agent, and defendant's subsequent conveyance was not a ratification so as to charge defendant with the brother's false representations.

B. S. GRANNIS, J. M. McINTIRE and CARRICK & KEENON for appellant.

ROBERT FRIEND for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal by the plaintiff from a judgment dismissing its petition, entered on a directed verdict for the defendant.

The action is for damages for the alleged false and fraudulent representation by the defendant through his brother and agent, Dr. E. G. B. Mann, that an oil lease, known as "The Bailey Lease," was producing 250 barrels of oil daily, whereby plaintiff was induced to purchase an undivided one-twentieth working interest therein at $8,000.00.

Convinced that plaintiff's evidence not only fails to prove, but actually disproves, the alleged agency, other grounds urged by counsel for appellee for sustaining the peremptory instruction will not be discussed.

It is insisted for appellant that sufficient circumstantial evidence of agency to carry that question to the jury was furnished by the proven fact that defendant later fulfilled Dr. Mann's contract in so far as it related

to the Bailey Lease. The question presented, however, is not whether the alleged agency would have been inferable from that fact standing alone and unexplained, but whether such an inference was reasonable under all of the proven facts.

By the contract, Dr. Mann sold and agreed to convey, not only an undivided one-twentieth interest in the Bailey lease for $8,000.00, but also two entire leases and a part interest in still another for $12,000.00. That he owned the two leases and the part of another which he sold for $12,000.00, is admitted, as is the fact that he himself performed this part of the contract, and there is no controversy with reference thereto.

It also is admitted that when the contract was made he owned an undivided one-twentieth interest in the Bailey lease, as did many others, including the defendant; that he did not hold himself out as agent for defendant, but upon the other hand made the contract in his own name, and when asked whose interest he would convey replied that "It made no difference so he delivered the interest."

We cannot see how the fact that he later procured another to convey his like interest in the lease in fulfillment of his contract, warrants an inference that in making the contract he was acting for such other person. Nor does the single case relied upon by appellant give any support to its contention that agency is inferable from that fact alone. That case is Luttrell v. East Tenn. Tel. Co., 27 R. 872, 86 S. W. 1124, and from the opinion it is obvious that there was much evidence, both direct and circumstantial, that one Peck, in making a contract with the plaintiff Luttrell, in the name and on behalf of the telephone company, had authority as its agent so to do, and the court simply held that on all of such evidence the question of agency was for the jury, as clearly it was.

Besides, in this case plaintiff put the alleged agent on the stand and proved by him that in making the sale he was acting for himself, as the contract indicated, and without authority from or knowledge of the defendant, and that he later bought defendant's interest and had him convey it direct to plaintiff. This evidence offered by the plaintiff is not contradicted by any other witness or anything in the record, since it is perfectly consistent with the contract and the manner of its fulfillment.

Hence even if in some circumstances agency might be inferable from the fact alone that a contract of sale was later performed in part by another than the one in whose name it was made (a question we do not decide), such an inference is clearly not warranted here where plaintiff, by its own evidence, has shown that such an agency did not in fact exist.

It also is claimed for appellant that even if when the contract was made Dr. Mann was not acting as agent for the defendant in the sale of the interest in the Bailey lease, the latter, by his conveyance of his like interest therein to plaintiff, ratified the contract as made by Mr. Mann, together with such representations and warranties made by him as induced plaintiff to execute the contract.

This familiar principle, however, is clearly inapplicable here for the simple reason that plaintiff proved without contradiction that defendant conveyed his interest in the lease to plaintiff in compliance with his own subsequently executed contract with Dr. Mann so to do, and not in fulfillment of the latter's contract with plaintiff, with which he had no connection whatever.

We are therefore of the opinion that the court did not err, at the completion of plaintiff's evidence, in directing a verdict for the defendant, and the judgment is affirmed.